**In the Matter of George A. PURVIS.**

No. 280S45.

Supreme Court of Indiana.

Feb. 12, 1981.

Thomas Opsut, Indianapolis, for appellee.

PER CURIAM.

In this disciplinary proceeding, the Respondent, George A. Purvis, is charged with violating the *Code of Professional Responsibility* by neglecting a legal matter entrusted to him, by failing to seek the lawful objectives of his client and by failing to carry out a contract of employment entered into with his client. He is further charged with prejudicing his client and misrepresenting the status of her case.

Pursuant to the provisions of Admission and Discipline Rule 23, a hearing was conducted and the Hearing Officer has submitted his findings and conclusions to this Court. Neither party has petitioned for review.

The record discloses that the Supreme Court Disciplinary Commission filed a verified complaint on March 7, 1980, and served Respondent. Respondent was provided notice, by certified mailings, of a pre-hearing conference and the hearing itself. The Respondent failed to appear either in person or by attorney throughout the proceeding.

Having examined all matters submitted in this cause, this Court now adopts and accepts as its own the Findings of Fact and Conclusions of Law reported by the Hearing Officer. These findings establish that the Respondent was admitted to the Bar of the State of Indiana on December 4, 1952. In September, 1977, the Respondent was retained by one Hollis Laverne Fitch for the purpose of filing a voluntary petition in bankruptcy on her behalf. Fitch provided the Respondent with all the information

necessary to file the bankruptcy including a list of her creditors. The Respondent quoted Fitch a total fee of $302.00 for filing the Bankruptcy, and Fitch paid the entire $302.00 fee in September of 1977.

After retaining the Respondent, Fitch continued to receive calls from her creditors seeking payment of certain debts. One such creditor was Associates Financial Services. Fitch, thereafter, contacted the Respondent concerning the calls from the creditors. The Respondent advised Fitch that he had taken care of it, which Fitch believed meant that he had filed her bankruptcy. In April of 1978, some seven (7) months after Fitch had retained the Respondent, Associates Financial Services sued Fitch in Marion County Municipal Court on a debt that should have been scheduled in Fitch's bankruptcy. Fitch attempted without success to contact the Respondent through his answering service and his residence phone concerning the bankruptcy and the lawsuit filed by Associates.

The Respondent never filed a bankruptcy for Fitch and performed no services for the $302.00 fee he received.

In October of 1978, after discovering that the Respondent had not filed her bankruptcy, and being unable to contact the Respondent, Fitch retained another attorney to file a bankruptcy on her behalf to whom she paid another fee of $300.00.

The Respondent has not returned any portion of the fee paid to him by Fitch for filing the bankruptcy.

The foregoing findings clearly establish that Respondent's actions in this matter were violative of Disciplinary Rule 6–101(A)(3), in that he neglected his client's legal matter entrusted to him. He violated Disciplinary Rule 7–101(A)(1), in that he failed to seek the lawful objectives of his client and violated Disciplinary Rule 7–101(A)(2) by failing to carry out his contract of employment with Fitch. Respondent's conduct prejudiced and damaged his client in violation of Disciplinary Rule 7–101(A)(3) and involved misrepresentation, in violation of Disciplinary Rule 1–102(A)(4). All such Disciplinary Rules are set forth in the *Code of Professional Responsibility*.

This misconduct is a negative reflection not only on Respondent's professional status, but on the entire legal profession. Respondent betrayed the essence of the attorney-client relationship, the trust which a client places in his attorney.

Under the facts established in this case, and in light of the foregoing considerations, we find that a period of suspension from the practice of law is warranted. Accordingly, it is ordered, that the Respondent be, and hereby is, suspended from the practice of law in the State of Indiana for a period of not less than two years, beginning March 16, 1981.

It is further ordered that the costs of these proceedings be assessed against the Respondent and that the payment of these costs are a condition to reinstatement. Should Respondent seek reinstatement to the practice of law in this State, restitution of unearned fees from Respondent's client, Hollis Laverne Fitch, shall also be a condition to such reinstatement.

All Justices concur.